IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Jose Ramon Gauna-Mendoza,<br><br>  Defendant/Movant. | No.  CR  02-080-PHX-SRB<br>     CIV 05-2126-PHX-SRB (DKD)<br><br>**ORDER** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

Jose Ramon Gauna-Mendoza filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 18, 2005. He was convicted by a jury of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2) (Doc. #83, 84). The district court sentenced him to a term of 108 months, followed by 36 months of supervised release (Doc. #115). On appeal, his conviction was affirmed (Doc. #144). In his motion, he argues 1) that his sentence was imposed in violation of the Sixth Amendment because he did not admit and a jury did not find beyond a reasonable doubt that his prior conviction was an aggravated felony, citing *Blakely v. Washington*, 542 U.S. 296 (2004); and 2) the issuance of a superseding indictment four months after the original indictment violated the Speedy Trial Act. The Court recommends that his motion be denied.

The Government initially argues that Gauna-Mendoza has procedurally defaulted his *Blakely* claim. Assuming *arguendo* that he could overcome this obstacle, the Ninth Circuit has held, both prior to, and following the Supreme Court's decision in *Blakely*, that the Government need not prove beyond a reasonable doubt the existence of a defendant's prior conviction in a prosecution brought pursuant to 8 U.S.C. § 1326. *See United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004); *United States v. Pacheco-Zepeda*, 234 F3d 411, 413-14 (9th Cir. 2000).

In addition, Gauna-Mendoza contends that the superseding indictment violated 18 U.S.C. § 3161(b) of the Speedy Trial Act. Gauna-Mendoza was arrested on January 3, 2002 (Doc. #1). The grand jury issued an indictment on January 29, 2002 (Doc. #8). The grand jury issued a superseding indictment on May 21, 2002 (Doc. #27). A review of the Clerk's file indicates that from February, 2002 to August, 2002, the district court granted at least six continuances of the trial date; five were requested by Gauna-Mendoza. *See* Doc. #13, 19, 26, 35, 46, 58. In each case, the district court found excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(F) or (8)(A)(B). The final continuance was granted as a result of Gauna-Mendoza's request to proceed *pro se*. The argument is without merit.

**IT IS THEREFORE RECOMMENDED** that Gauna-Mendoza's Motion to Vacate, Set Aside or Correct Sentence be **DENIED** (Doc. #146).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual

1  determinations of the Magistrate Judge will be considered a waiver of a party's right to
2  appellate review of the findings of fact in an order or judgment entered pursuant to the
3  Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.
4       DATED this 11th day of October, 2005.

_____
David K. Duncan
United States Magistrate Judge