IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>vs.<br><br>Jose Ramon Gauna-Mendoza,<br><br>          Defendant. | No. CR02-0080-PHX-SRB<br>     CV05-2126-PHX-SRB<br>**ORDER** |

Defendant filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 18, 2005. He raised two issues in his motion. First, Defendant argued that his sentence was imposed in violation of the Sixth Amendment because he did not admit and the jury did not find beyond a reasonable doubt that his prior conviction was an aggravated felony. Second, Defendant argued that his rights under the Speedy Trial Act were violated by the issuance of a superseding indictment four months after the original indictment. In response to the motion, the Government argued that Defendant has procedurally defaulted on his first claim and has presented no authority for his claim of a Speedy Trial Act violation.

The Magistrate Judge issued his Report and Recommendation on October 11, 2005, recommending that the motion be denied, finding that even if there was no procedural default on Defendant's first claim, that the law is clear in the Ninth Circuit that the

1  Government need not prove beyond a reasonable doubt the existence of a defendant's prior
2  conviction in a prosecution brought pursuant to 8 U.S.C. § 1326(b).  The Magistrate Judge
3  also found no speedy trial violation.

4      Defendant filed his objections on October 27, 2005.  In those objections, he continued
5  to argue that the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004),
6  requires that his prior felony conviction be proved to a jury beyond a reasonable doubt before
7  it can be used to enhance his sentence and that the superseding indictment that was returned
8  in this case four months after his original indictment is a violation of the Speedy Trial Act.
9  The Government responded to the objections on November 2, 2005.

10      IT IS ORDERED overruling Defendant's objections to the Magistrate Judge's Report
11  and Recommendation.  Even in the absence of the argument for procedural default, the case
12  law is clear that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny do not require
13  a jury finding with respect to proof of a prior felony conviction and there is no exception
14  from this general rule for claims of violation of 8 U.S.C. § 1326 (b).  The Court also agrees
15  that there is no authority to suggest that a superseding indictment must be returned within 30
16  days of the filing of the original complaint.

17      The Court is in agreement with the Report and Recommendation of the Magistrate
18  Judge and adopts that Report and Recommendation as the order of this Court.

19      IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence
20  is denied.  (Doc. 152).

21
22      DATED this 7th day of December, 2005.
23
24
25
26                                         Susan R. Bolton
27                                        United States District Judge
28